**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                  :
HARRIS BALLOW,                         :
                                                  :
                         Plaintiff,          :
                                                  :
            v.                                   :            Civil Action No. 19-3828 (ABJ)
                                                  :
U.S. DEPARTMENT OF STATE,        :
                                                  :
                         Defendant.       :
_____ :

**MEMORANDUM OPINION**

This matter is before the Court on defendant's Motion for Summary Judgment (ECF No.

11). For the reasons discussed below, the Court GRANTS the motion.

## I. FACTUAL BACKGROUND

### A. Plaintiff's Allegations

Harris D. Ballow ("plaintiff"), a federal prisoner currently designated to the United States

Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), alleges that he submitted a request under

the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the United States Department of

State ("State Department" or "defendant"), on or about October 16, 2019. Compl. (ECF No. 1) ¶

2. The information plaintiff sought pertained to his extradition from Mexico in April 2011. *See*

*id.* ¶ 3. He suggested that such information would be maintained at the State Department's

Washington, D.C. headquarters or at the United States Embassy in Mexico City. *See id.*, Ex. A at

1 (ECF No. 1 at 3). According to plaintiff, the State Department failed to respond timely to his

FOIA request, *id.* ¶ 4, and he seeks defendant's "full and immediate compliance with its statutory

obligations under the FOIA[] and [release of] all responsive records," *id.* at 2 (ECF No. 1 at 2).

1

**B. Defendant's Asserted Facts**

The declarant explains that the State Department's "Office of Information Programs and Services ('IPS') . . . is responsible for responding to records access requests made by the public . . . under the [FOIA] and the Privacy Act[.]" Def.'s Statement of Undisputed Material Facts (ECF No. 11 at 3-6, "SMF") ¶ 1. Upon receipt of a civil complaint raising a FOIA claim, an IPS staff member "evaluates and searches for the request(s) upon which the claim is based." *Id.* ¶ 2. An IPS Government Information Specialist ("Specialist") is assigned to the litigation matter. *Id.* ¶ 3.

Currently the State Department maintains two FOIA case management databases. *See id.* FREEDOMS 2 "is used to track, redact, classify, declassify, and finalize all documents prior to releasing information to the public." *Id.* All correspondence related to an individual FOIA request is maintained in FREEDOMS 2. *See id.* The declarant explains that the State Department is "in the process of migrating the data maintained in FREEDOMS 2 to its new case management system FOIAXpress," described as "an electronic information management system designed specifically for use in tracking [FOIA and Privacy Act] requests." *Id.*

**1. The Specialist's Searches of FOIAXpress and FREEDOMS 2**

The Specialist assigned to plaintiff's case searched FOIAXpress using plaintiff's name in fields designated for a requester's "Last Name," "First Name," and "Description." *Id.* ¶ 4. Next, she searched FREEDOMS 2 using plaintiff's last name as a search term in the fields designated for "Point of Contact Last Name," "Subject," and "Requester Organization." *Id.* ¶ 4.

**2. The Lead Specialist's Searches of FREEDOMS 2 and FOIAXpress**

"An IPS Lead Specialist . . . conducted a supplemental search of [FOIAXpress]" summarized as follows:

        • Requester field for the last name Ballow or Ba*
        • Requester field for the first name Harris*

• Description field for Ballow* or Ball*

*Id.* ¶ 5.[1]  Next, the Lead Specialist "manually reviewed all of the FOIA requests in [FOIAXpress]

received around October 2019 for any request submitted by [p]laintiff."  *Id.* ¶ 6.

### 3. The IPS Branch Chief's Searches of FOIAXpress and FOIA Intake Group Mailbox

The Requester Communication Branch is responsible for processing new FOIA requests.

*See id.* ¶ 7.  Its Branch Chief searched FOIAXpress using plaintiff's last name in the "Last Name"

field and the phrase "Mexican Extradition" in the "Description" field.  *Id.*  He also "searched the

FOIA Intake Group mailbox [(FOIARequest@state.gov)] using the same terms[.]"  *Id.*

Not one of the searches described above, representing "searches of all available IPS

databases that would have contained a copy of [p]laintiff's FOIA request," located a request from

plaintiff.  *Id.* ¶ 8.  "Since IPS has no record of the receipt of [p]laintiff's request, it did not assign

[the request] a Case Control Number[.]"  *Id.*

## II. ANALYSIS

### A. Legal Standard

#### 1. Summary Judgment Under Rule 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  The party seeking summary judgment "bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of the pleadings, . . . together

with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material

fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  To

---

[1]  "The asterisk denotes a wildcard search.  The search was conducted so that it would capture any term that began with the string 'Ball,' for example 'Ballow.'"  Stein Decl. (ECF No. 11-1) ¶ 6 n.3.

defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted). The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id*. at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

### 2. Summary Judgment in a FOIA Case

When considering a motion for summary judgment under FOIA, the Court must conduct a *de novo* review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The Court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted), and "not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs*., 926 F.2d at 1200 (citation and internal quotation marks omitted).

### 3. Defendant's Statement of Undisputed Material Facts

Defendant filed its summary judgment motion (ECF No. 11) on June 19, 2020. The Court's June 19, 2019 Order (ECF No. 12) advised plaintiff of his obligation to respond to defendant's motion and to comply with Local Civil Rule 7(h). Further, the Court advised that, if plaintiff failed to file a response by August 7, 2020, the Court may accept as undisputed Defendant's Statement of Undisputed Material Fact, and, if warranted, grant defendant's motion without the benefit of plaintiff's position.

In his July 6, 2020 response (ECF No. 13), plaintiff notified the Court that he had no access to the law library at USP Terre Haute, principally due to modified operations implemented in response to the coronavirus pandemic.  Plaintiff asked the Court to appoint counsel to represent him in this matter (ECF No. 14), and the Court denied his motion without prejudice by minute order on July 10, 2020.  But the Court extended plaintiff's deadline to respond to the motion until October 13, 2020.  To date, plaintiff has not filed an opposition to defendant's motion or requested more time to do so.  Therefore, the Court will treat Defendant's Statement of Undisputed Material Facts as admitted.

### B. Exhaustion of Administrative Remedies

Generally in a FOIA case, "[e]xhaustion of administrative remedies is . . . required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)); *see also* 5 U.S.C. § 552(a)(6).  While "the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so[,]" judicial review is precluded as a jurisprudential matter because "the 'purposes of exhaustion' and the 'particular administrative scheme' support such a bar."  *Hidalgo*, 344 F.3d at 1258–59 (quoting *Oglesby*, 920 F.2d at 61); *see also Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requester must exhaust administrative appeal remedies before seeking judicial redress."); *Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.").

A proper FOIA request both "reasonably describes" the records sought and complies with an agency's published procedures for submitting a FOIA request.  5 U.S.C. § 552(a)(3)(A).  A

requester's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust." *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (citations omitted), *aff'd*, No. 06-5281, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007) (per curiam); *see Eddington v. U.S. Postal Serv.*, No. 09-CV-2984, 2020 WL 1079070, at *2 (D.D.C. Mar. 6, 2020) ("If a request does not comply with the statute's mandate or the agency's regulations, that deficiency . . . dooms a challenge on exhaustion grounds."). And if an agency does not receive a FOIA request pursuant to its published procedures, the agency has no obligation to respond to it. *See Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 88–89 (D.D.C. 2018) ("Since it is undisputed that plaintiff's request was not sent through the proper channels to CIA, the agency was not required to respond, and plaintiff did not exhaust his administrative remedies as to that agency."); *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008) (granting judgment as a matter of law to defendants because there was no evidence they received the FOIA request at issue).

Defendant argues that plaintiff did not exhaust his administrative remedies because he failed to submit a proper FOIA request to the State Department prior to filing this civil action. *See generally* Mem. of P. & A. in Support of Def.'s Mot. for Summ. J. at 2-4 (ECF No. 11) (page numbers designated by defendant). Defendant's declarant outlines the State Department's procedures for handling FOIA requests, identifies the databases where information about FOIA requests is maintained, and describes the multiple searches agency staff conducted in an effort to locate a FOIA request it was supposed to have received from plaintiff in or about October 2019. Thus, absent any showing by plaintiff to the contrary, defendant demonstrates that it conducted reasonable searches for a FOIA request from plaintiff but did not locate one. [2]

---

[2] The State Department's conclusion that it did not receive a FOIA request is consistent with the record and the information that plaintiff did provide to the Court when he initiated this action. Plaintiff attaches a two-page exhibit to his complaint. *See* Compl., Ex A (ECF No. 1 at 3-4). The

In the absence of a proper request, the State Department's failure to release responsive records would not violate FOIA because plaintiff had not exhausted his administrative remedies. *See Mathis v. Dep't of Justice*, No. 16-CV-1712, 2018 WL 4637356, at *5 (D.D.C. Sept. 27, 2018) (concluding that agency "incurred no obligation to produce documents under FOIA" where it "has adequately demonstrated that it conducted a reasonable search for a FOIA request from [plaintiff], and that it did not find one"); *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 (D.D.C. 2009) (concluding that plaintiff had not exhausted administrative remedies where he "does not specify where or to whom he submitted [his FOIA] request" and where declaration establishes that agency "had never received the request"); *Schoenman v. FBI*, No. 04-CV-2202, 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006) (dismissing FOIA claims where plaintiff could not produce "a copy of a stamped envelope . . . or a returned receipt" and agencies show they never received his FOIA requests).

## III. CONCLUSION

Since there is no genuine dispute of material fact on the question of whether plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, the Court will GRANT the State Department's motion for summary judgment.  An Order is issued separately.

DATE: January 5, 2021                    /s/
                                         AMY BERMAN JACKSON
                                         United States District Judge

---

first page is a copy of a letter from plaintiff at the Terre Haute facility that bore the designation "RE: Freedom of Information Act/Privacy Act … Request" and requested the records, but the letter did not include the address to which it was directed.  The second page of the exhibit is a Department of Justice Certification of Identity form submitted in lieu of a notarization.